Gary L. Howard (Montana Bar No. 8456)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
ghoward@bradley.com
ph. 205.521.8000
Attorney for Defendant Washington National Insurance Company

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | | |
|---|---|---|
| ANNA FABATZ and KEVIN EMERICK, | ) ) ) | CV _____ (Removed from Montana Second Judicial District Court Silver Bow County) |
| Plaintiffs, | ) ) | |
| v. | ) ) | **DEFENDANT WASHINGTON NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| WASHINGTON NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Defendant Washington National Insurance Company ("Washington National") hereby removes the above-captioned action from the Montana Second Judicial District Court, Silver Bow County, to the United States District Court for the District of Montana, Butte Division, pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is proper on the following grounds:

1

1.      Plaintiffs commenced this action against Washington National in the Montana Second Judicial District Court, Silver Bow County, by filing a Complaint on May 23, 2018.

2.      Washington National has not been served with the summons or complaint. It is not currently known to Washington National whether Plaintiffs have served the Montana Commissioner of Insurance in lieu of serving Washington National directly. Nonetheless, Washington National is in receipt of the complaint that was filed in Silver Bow County and pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiffs' complaint is attached hereto as Exhibit "A."

3.      Washington National is removing within the 21 day deadline to file an answer in Montana state court, and if service has not yet been made on the Commissioner of Insurance, Washington National hereby waives service of the complaint.

4.      Plaintiffs have asserted claims against Washington National for breach of contract, breach of the implied covenant of good faith and fair dealing, and "statutory bad faith" pursuant to M.C.A. § 33-18-101, *et seq.* (Compl. ¶¶ 12–26.) Washington National denies these allegations and denies any liability to Plaintiffs.

## Subject Matter Jurisdiction

5.      Federal district courts have subject matter jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between—(1) citizens of different states . . ." 28 U.S.C. § 1332(a)(1).

6.     On the face of the complaint it is clear that diversity of citizenship exists between the Parties. Plaintiffs allege in their complaint that they are citizens of the State of Montana. (Compl. ¶ 1.) Plaintiffs allege that Washington National is an "Indiana company." In fact, Washington National is a foreign insurer organized under the laws of the State of Indiana and having its principal place of business in the State of Indiana, and is therefore a citizen of the State of Indiana for purposes of diversity jurisdiction.

7.     Because Washington National is a citizen of Indiana and on the face of the complaint Plaintiffs have plead that they are citizens of Montana, there is complete diversity of citizenship between Plaintiffs and Washington National.

8.     While Washington National admits no liability, and while Washington National admits no element of damages sought by Plaintiff, the amount in controversy as alleged by Plaintiffs in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     On June 6, 2018, Plaintiffs' attorney, Mr. Clark R. Hensley, sent a demand letter to Washington National requesting that it tender $36,857.45 to resolve Plaintiffs' claim for breach of contract arising out of what Plaintiffs claim was Washington National's failure to pay Mr. Emerick $20,000 allegedly owed under

the terms of his policy. (*See* C. Hensley Letter to M. Davis dated June 6, 2018, attached hereto as Exhibit "B.")

10.  Mr. Hensley calculated the $36,857.45 amount by taking the sum of: (a) $20,000 allegedly owed under the terms of Plaintiff Kevin Emerick's critical illness insurance policy numbered CM00060610; (b) $7,650 in interest allegedly owed as part of an underlying contractual obligation arising from Mr. Emerick's policy; and (c) $9,207.45 in attorney's fees allegedly accrued to date. (Exhibit "B," at 2–4.)

11.  Plaintiffs have also asserted a claim against Washington National for "bad faith" pursuant to Mont. Code Ann. § 33-18-242, for which Plaintiffs allege that Washington National is liable for: (a) compensatory damages; (b) "exemplary damages" arising out of Washington National's "clearly malicious" conduct in failing to pay Mr. Emerick $20,000 allegedly owed under the policy; and (c) damages for "extreme emotional distress" arising out of his "possible lost chance in combating his cancer." (*See* Exhibit "A," at ¶¶ 23–26; Exhibit "B," at 4–5.). Even if Plaintiffs were only awarded treble damages on the $20,000 claim, that $60,000 amount in addition to the $36,857.45 set forth above would far exceed the threshold jurisdictional amount. Likewise, even if plaintiffs were only awarded double the $20,000 claim, the $40,000 amount in addition to the $36,857.45 set forth above would still exceed the minimum amount in controversy for this Court to exercise

jurisdiction. The scenarios set forth here only require a doubling or trebling of the $20,000 claim amount. The scenarios set forth here do not take into account the potential awards for mental anguish claimed by plaintiffs or the potentially larger punitive damages awards that could be awarded by juries.

12.     Evidence of jury verdicts in similar cases may be considered to determine the amount in controversy. *See, e.g.*, *Thomas v. Kemper,* 2015 WL 5785624, at *1 (D. Mont. Sept. 30, 2015). Although Washington National denies Plaintiffs' allegations and denies liability to Plaintiffs for exemplary damages, Plaintiffs' claim for exemplary damages—*if meritorious*—would have a potential value of well in excess of $75,000 based on jury verdicts awarded in similar cases in the State of Montana.

13.     Juries in the State of Montana have awarded well over $75,000 in punitive damages in cases alleging violations of an insurer's duties. *See King v. Geico*, CV 12-92-RWA, Doc. 3 at 6; Doc. 122 (jury verdict awarding $2.5 million in punitive damages in addition to $100,000 in contract damages in case alleging breach of contract and bad faith failure to pay claims after plaintiff's husband was killed in collision with uninsured driver who was under the influence of drugs); *Chilcote v. Fireman's Funds Ins. Co.*, CV 06-47-DWM, Doc. 130; Doc. 45 at 1–5 (jury verdict awarding $3.5 million in punitive damages in case alleging breach of contract after an insurance company failed to pay plaintiff's medical bills after she

had been involved in an accident with an underinsured motorist); *Gibson v. Western Fire Ins. Co.*, 210 Mont. 267 (1984) (affirming punitive damages award of $300,000 in case alleging that liability insurer was liable for bad faith refusal to settle a medical malpractice claim).

14.     Although Washington National denies Plaintiffs' allegations and denies liability to Plaintiffs for damages for emotional distress, Plaintiffs' claim for emotional distress damages—*if meritorious*—would have a potential value well in excess of $75,000 based on jury verdicts awarded in similar cases in the State of Montana. *See Gibson*, 210 Mont. at 289–290 (affirming jury verdict awarding compensatory damages in the amount of $250,000, of which $166,250 was for emotional distress suffered by "a professional person fearing that his professional reputation ha[d] been damaged," and for "the stress of disruption of his home and professional life.").

15.     Plaintiffs have also asserted a claim against Washington National for breach of the implied covenant of good faith and fair dealing. "Although an action against an insurer for a breach of its implied covenant of good faith and fair dealing towards its insured sounds in contract[,] the action is to be regarded as one for tort." *Gibson*, 210 Mont. at 290–291. "The statutory rule for [the] measure of damages in tort cases is the amount which will compensate the injured party for all the detriment

proximately caused." *Id.* Such damages may include damages for emotional distress. *Id.*

16.     Although Washington National denies Plaintiffs' allegations and denies liability to Plaintiffs for damages for breach of the implied covenant of good faith and fair dealing, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing—*if meritorious*—would have a potential value well in excess of $75,000. *See Gibson*, 210 Mont. at 290–291.

17.     Finally, in the prayer for relief, Plaintiffs' complaint seeks "attorney fees under the insurance exception to the American Rule." (Compl. at 3, ¶ 2.) To date, Plaintiffs have demanded $9,207.45 in fees. (Exhibit "B," at 4.)

18.     Thus, the total amount in controversy in this matter is well in excess of the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

## **Procedural Requirements for Removal**

19.     Plaintiffs' complaint was filed on May 23, 2018. Washington National has not received direct service of the summons and complaint and it is unknown to Washington National whether Plaintiffs have served the Montana Commissioner of Insurance in lieu of serving Washington National directly.

20.     In any event, the deadline for removal could be no later than thirty days following the date on which the complaint was filed. Thus, pursuant to 28 U.S.C.

§ 1446(b)(1), the earliest possible deadline for removal in this case would be June 22, 2018.

21.    This notice of removal was filed June 13, 2018, nine days before the earliest possible deadline for removal of June 22, 2018.

22.    As Washington National is the only defendant in this case, it is not required to obtain the consent of anyone else for proper removal.

23.    Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, *et seq.*, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

24.    28 U.S.C. § 1441(b)(2) does not preclude removal of this case because Washington National is the only defendant.

25.    The Montana Second Judicial District Court, Silver Bow County, is located within the District of Montana, Butte Division. Venue is thus proper under 28 U.S.C. § 1441(a).

26.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs. A copy is also being filed with the Clerk of Court for the Montana Second Judicial District Court, Silver Bow County.

This 13th day of June, 2018.

_/s/ Gary L. Howard_
Gary L. Howard (Mont. Bar No. 8456)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

_Attorney for Washington National Insurance Company_

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Notice of Removal** in the United States District Court for the District of Montana, Butte Division, with the Clerk of Court using the CM/ECF system. I further certify that I have this day served a copy of the foregoing Notice by United States mail, postage prepaid, upon Plaintiffs' counsel of record, addressed as follows:

Clark R. Henseley
CORETTE BLACK CARLSON & MICKELSON
Mayer Building
129 West Park Street, Suite 301
P.O. Box 509
Butte, Montana 59703

This 13th day of June, 2018.

_/s/ Gary L. Howard_
Gary L. Howard (Mont. Bar No. 8456)