# EXHIBIT A

Clark Hensley
Marie Kagie-Shutey
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT 59703
PH  : 406-782-5800
FAX : 406-723-8919
chensley@cpklawmt.com
mshutey@cpklawmt.com

FILED $120.00
MAY 23 2018
Tom Powers, Clerk
By _____ Deputy Clerk

Attorneys for Plaintiffs

## MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | |
|---|---|
| ANNA FABATZ and KEVIN EMERICK, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON NATIONAL INSURANCE COMPANY, <br><br> Defendant. | No. DV-18- 226 <br><br> Brad Newman <br> Judge, Dept. II <br><br> **COMPLAINT** <br><br> SUMMONS ISSUED |

For their Complaint, Anna Fabatz and Kevin Emerick allege:

1. Plaintiffs are residents of Silver Bow County, Montana.

2. Upon information and belief, defendant Washington National Insurance Company is an Indiana company which does business in and offers its insurance products to residents of Montana.

3. Jurisdiction and venue are proper before this court.

4. Anna Fabatz and Kevin Emerick purchased various insurance policies from defendant in September 2012.

5. Among those policies was a critical illness policy for Anna's husband Kevin Emerick, Policy Number CM00060610.

6. The Policy provided for a lump sum payment of $20,000.00 when and if the insured individual was "diagnosed for the first time as having a specified critical illness."

7. In early 2014, Kevin Emerick was diagnosed with prostate cancer.

8. Plaintiffs timely notified defendant of Kevin's diagnosis in or around March 4, 2014.

9. Upon information and belief, defendant denied that it was required to pay the lump sum benefit under the policy based upon an understanding that Kevin was ineligible for coverage due to elevated PSA levels prior to his application.

10. Defendant subsequently learned, through its agent and otherwise, that Kevin was eligible for coverage.

11. Despite Kevin's eligibility and the clear requirements of the policy, defendant has failed to pay the policy lump sum as required.

## COUNT I – BREACH OF CONTRACT

12. The allegations in ¶¶ 1-11 are incorporated as though fully set forth herein.

13. Defendant had an obligation to pay the lump sum policy benefit upon a covered diagnosis under the policy.

14. Kevin Emerick was diagnosed with cancer, a covered diagnosis under the policy.

15. Defendant failed to fulfill its obligations under the policy.

16. Plaintiffs have been damaged by defendant's breach in an amount to be proven at trial.

## COUNT II

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

17. The allegations in ¶¶ 1-16 are incorporated as though fully set forth herein.

18. In every contractual relationship, there is an obligation and implied covenant of good faith and fair dealing.

19. The conduct required by the implied covenant of good faith and fair dealing is honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade or business.

20. The covenant is a mutual promise that the parties will deal with each other in good faith and not attempt to deprive the other of the benefits of the contract through dishonesty or abuse of discretion in performance.

21. Defendant breached the implied covenant of good faith and fair dealing when it deprived plaintiffs of the expectations of the agreement.

22. Plaintiffs incurred damages as a result of this breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial.

### COUNT III – STATUTORY BAD FAITH

23. The allegations in ¶¶ 1-22 are incorporated as though fully set forth herein.

24. Defendant provides insurance services in the State of Montana and thus had obligations under M.C.A. § 33-18-101, et al.

25. Defendant breached its statutory duties.

26. Defendant's breach damaged plaintiffs in amount to be proven at trial.

**WHEREFORE**, plaintiffs respectfully request the following relief:

1. For judgment against defendant in an amount to be proven at trial;

2. For attorney fees under the insurance exception to the American Rule; and,

3. For such other relief the court deems just and proper under the circumstances.

DATED this 23rd day of May, 2018.

                           CORETTE BLACK CARLSON & MICKELSON

                           By_____
                           P.O. Box 509
                           Butte, MT 59703

                           Attorneys for Plaintiffs